

## NUMBER 13-09-00433-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

GABRIEL MARTINEZ,                                                     Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

### On appeal from the 36th District Court
### of San Patricio County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Vela
### Memorandum Opinion by Justice Rodriguez

Appellant Gabriel Martinez appeals from his conviction for two counts of sexual assault of a child and two counts of indecency with a child. *See* TEX. PENAL CODE ANN. §§ 21.11, 22.011 (Vernon Supp. 2009). Martinez pleaded not guilty, and the case was

tried to a jury on May 26-27, 2009. The jury found Martinez guilty of all four counts. At the punishment phase of the trial, Martinez pleaded true to the State's enhancement allegations and was sentenced to fifty years' incarceration for each count and assessed a $2,000 fine for count one; the sentences were ordered to run concurrently.

Concluding that Martinez's "appeal in this cause is frivolous and without merit," counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Martinez's court-appointed appellate counsel has filed a brief with this Court, stating that he has "diligently reviewed the entire record in this cause and the law applicable thereto," and in his professional opinion, "there are no grounds of error upon which an appeal can be predicated." After discussing the jury trial, the punishment assessed, and applicable law, counsel concludes that "no error by the trial court" or Martinez's trial counsel is "apparent on the record." *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Martinez's counsel has, thus, carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he

has: (1) served a copy of the brief and his request to withdraw as counsel on Martinez; (2) forwarded Martinez a copy of the record; and (3) informed Martinez of his right to file a pro se response.[1]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate period of time has passed, and Martinez has not filed a pro se response.  *See In re Schulman*, 252 S.W.3d at 409.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

## III.  MOTION TO WITHDRAW

In accordance with *Anders*, Martinez's attorney has asked this Court for permission to withdraw as counsel for Martinez.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he

---

[1]The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on April 30, 2010. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Martinez and to advise Martinez of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 17th
day of June, 2010.

---

[2]No substitute counsel will be appointed. Should Martinez wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.